UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARLSON,<br><br>                Petitioner,<br><br>    v.<br><br>BRIAN BIRKHOLZ,<br><br>                Respondent. | Case No. 2:24-cv-08013-FLA (E)<br><br>**SUPPLEMENTAL ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND GRANTING PETITIONER'S MOTION TO FILE LATE OBJECTIONS [DKTS. 17, 21, 24]** |

Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the court has considered Petitioner's objections, Dkt. 21, and engaged in a *de novo* review of those portions of the Report to which objections have been made.[1]

In this habeas action, Petitioner, a federal prisoner, challenges a disciplinary sanction for unlawful possession of a cell phone. Dkt. 1 at 3. The Report recommends the grant of Respondent's motion to dismiss and the denial and dismissal of the Petition with prejudice. Dkt. 17. Petitioner's objections to the Report, Dkt. 21, do not warrant any change to the Report's findings or recommendations.

Petitioner objects that he was denied his procedural due process rights under *Wolff v. McDonnell*, 418 U.S. 539 (1974). Dkt. 21 at 2–3. Specifically, Petitioner argues his rights were violated because Unit Manager Coulson was not asked at the disciplinary hearing whether Petitioner had ever been seen in physical possession of the cellphone. *Id*. Because Petitioner did not raise this argument before the Magistrate Judge in either the Petition or the opposition to the motion to dismiss, Dkt. 1, 15, the court has no obligation to consider it. *See Brook v. McCormley*, 837 F. App'x 433, 436 (9th Cir. 2020) (novel arguments should have been presented to the Magistrate Judge in the first instance) (citing *Greenhow v. Sec'y of Health & Hum. Servs.*, 863 F.2d 633, 638 (9th Cir. 1988) ("[T]he Magistrates Act was [not]

---

[1] On February 3, 2025, the Magistrate Judge filed a Report and Recommendation. Dkt. 17. On February 26, 2025, the Magistrate Judge extended the deadline for Petitioner to file objections from February 24, 2025, to March 11, 2025. Dkt. 20. On March 17, 2025, the court received Petitioner's objections, which Petitioner executed on March 12, 2025. Dkt. 21. On March 24, 2025, the court received Petitioner's Motion for Further Extension of Time to File Objections, which Petitioner executed on March 7, 2025. Dkt. 24. As Petitioner appears to have sought an extension timely, the court exercises its discretion and GRANTS Petitioner's motion to file late objections.

intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."), *overruled on other grounds*, *United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (*en banc*).  In any event, Petitioner's inability to present this alleged testimony by Unit Manager Coulson would not establish a violation of due process.  An inmate's inability to present evidence at a disciplinary proceeding may be harmless error "in light of all of the other evidence against him[.]" *Graves v. Knowles*, 231 F. App'x 670, 672 (9th Cir. 2007) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  Here, the evidence against Petitioner, described immediately below, would have rendered any error harmless.

Petitioner objects that "some evidence" does not support the disciplinary decision, because the evidence did not show that the cellphone belonged to him. Dkt. 21 at 3–7.  However, the evidence showed that the cellphone contained photographs of Petitioner and his family, his administrative grievances, and his records of communications with his brother.  Dkt. 11-1 at 7.  The evidence also showed that the cell phone was found in the ceiling above the shower area assigned to Petitioner. *Id*. at 6.  This evidence was ample and more than sufficient to satisfy the "some evidence" standard.

Petitioner objects the hearing officer refused to accept evidence that Officer Simms had told Petitioner that Petitioner would not be receiving an incident report for possessing the cellphone.  Dkt. 21 at 7–8.  As the hearing officer found, Officer Simms's alleged statement, which only Petitioner heard, was not corroborated by staff witnesses.  Dkt. 11-1 at 7.  The hearing officer was not required to credit Petitioner's self-serving assertion.

Petitioner objects he was penalized for not producing documents and was required to "prove a negative."  Dkt. 21 at 8–9.  To the contrary, Petitioner had no burden of proof in the disciplinary proceeding.  Instead, it was incumbent upon prison officials to present "some evidence" for the discipline.  *See Superintendent v.*

*Hill*, 472 U.S. 445, 455 (1985). The evidence that was presented met that standard. Dkt. 11-1 at 6–7.

Petitioner objects that the prison rule applied here, which prohibits the possession of hazardous tools, such as a portable telephone, is void for vagueness. Dkt. 21 at 9-10. As the Report found, the rule is not vague because it provides fair notice to a person of ordinary intelligence that possession of a cellphone could lead to sanctions. Dkt. 17 at 7. A person of ordinary intelligence also would have understood that prison staff need not necessarily find the cellphone on the person of the prisoner to conclude that, at some point in time, the prisoner had possession of the telephone. *Id*.

## ORDER

It is ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) Respondent's motion to dismiss is granted; and (3) Judgment shall be entered denying and dismissing the Petition with prejudice.

Dated: April 3, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge